Blatchford, C. J.
Section 5359 of the Revised Statutes of the United States provides that “every person who commits murder * * * upon the high seas, or in any arm of the sea, or in any river, haven, creek, basin or bay, within the admiralty and maritime jurisdiction of the United States, and out of the jurisdiction of any particular state, or who, upon "any such waters, maliciously strikes, stabs, wounds, poisons, or shoots at, any other person, of which striking, stabbing, wounding poisoning or shooting such other person dies, either on land or at sea, within or without the United States, shall suffer death.”
Section 5341 provides that “every person who, within any of the places or upon any of the waters described in section 5339, unlawfully and wilfully, but without malice, strikes, stabs, wounds, or shoots at or otherwise injures another, of which striking, stabbing, wounding, shooting, or other injury such other person dies, either on land or at sea, within or without the United States, is guilty of the crime of manslaughter.”
Section 1035 provides that “in all criminal causes the defendant may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offence so charged; provided, that such attempt be itself a separate offence. ”
The indictment in this case alleges that the defendant, “upon the high seas, within the admiralty and maritime jurisdiction of the said United States, and out of the jurisdiction of any particular state, and within the jurisdiction of this court — that is to say, in and on board of a certain American *670 vessel, being a bark named Archer, belonging in whole or in part to a citizen or citizens of the United States, whose name- or names are to the jurors aforesaid unknown, the said bark then and there being afloat upon the high seas aforesaid, and within the jurisdiction of this court — with force and arms in and upon one Anton Klourtouski, in the peace of God and of the said United States, then and there being, piratically, feloniously, wilfully, maliciously, and of his malice 'forethought, did make an assault and stab, the said Daniel Leonard, with a certain sheath knife, having a blade five and. one-half inches long, and one and one-eighth inches in width, which said sheath knife he, the said Daniel Leonard, in his. right hand then and there had and held, him, the said Anton Klourtouski, in and upon the right side of the abdomen of him, the said Anton Klourtouski, a little above the groin of him, the-said Anton Klourtouski, piratically, feloniously, wilfully, maliciously, and of his malice aforethought, did strike, stab and and wound, then and there giving him, the said Anton Klourtouski, with the sheath knife aforesaid, in and upon the right-side of the abdomen of him, the said Anton Klourtouski, a little above the groin of him, the said Anton Klourtouski, one-grievous and mortal wound, he, the said Anton Klourtouski, from * * * until * * * did languish, and, languishing, did live, and on the said * * * in and on board the» said bark Archer, at sea and upon the high seas aforesaid, without the said United States, of the said grievous and mortal wound died; and so the jurors aforesaid, upon their oath aforesaid, do say that the said Daniel Leonard, him, the said Anton Klourtouski, in manner, and form and by the means aforesaid, piratically, feloniously, wilfully, maliciously, and of his malice aforethought, did kill, slay and murder, against the peace of the United States, and their dignity, and against the form of the statute of the said United States in such case made and provided.”
Oh being tried on this indictment the verdict of the jury was that the defendant was guilty of manslaughter.
The defendant now moves in arrest of judgment, on the ground — (1) That the defendant was not indicted for man *671 slaughter, and was really found not guilty of murder; and (2) that a verdict of manslaughter was not warranted by section 1035 of the Revised Statutes, because the commission of that offence was not necessarily included in the offence charged in the indictment. We think these positions untenable. The allegations in the indictment, leaving out the allegations as to malice, constituted the offence of manslaughter. The unlawfulness and wilfulness of the acts alleged are charged, and also that they were done with malice. The acts charged, when proved to have been done wilfully and with malice, constituted murder within section 5339. The same acts, when proved to have been done unlawfully and wilfully, but without malice, constituted manslaughter, within section 5341. The commission of such offence of manslaughter was necessarily included in the offence charged in the indictment, because the absence of malice, the other ingredients charged being proved, made the case one of manslaughter, when, with the malice added, it would have been murder.
The motion is denied.
Benedict, D. J., and Choate, D. J., concur.